```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

APOGEE WAUSAU GROUP, INC.      :         CIVIL ACTION
                               :
         v.                    :
                               :
PMC PROPERTY GROUP, INC.       :         NO. 22-3690
```

MEMORANDUM

Bartle, J.                                          June 10, 2024

Plaintiff Apogee Wausau Group, Inc. d/b/a Wausau Window and Wall Systems ("Wausau") has sued defendant PMC Property Group, Inc. ("PMC") in this diversity action for breach of contract and for quantum meruit/unjust enrichment. Plaintiff seeks some $2,3000,000 in damages for failure of defendant to pay for certain materials for a construction project in Philadelphia. Defendant has counterclaimed for breach of contract for $1,225,000 in damages.

Before the court is the motion of defendant "for leave to join 30 North 23rd Street Associates, LLC, FKA 23rd Street Lot B Owner LLC as co-defendant under F.R.C.P. 19, 20 or in the alternative, motion for leave to amend its answer and counterclaim under F.R.C.P. 15" (Doc. # 56). The motion was not filed until May 20, 2024, several months after the close of discovery on February 29, 2024. 30 North 23rd Street Associates, LLC apparently owned the property where the construction in issue took place.

Among other issues, the parties disputed the identity of the contract between them.  Plaintiff sued defendant for breach of the April 21, 2020 Quote Confirmation.  Plaintiff has asserts that this is the only contract between the parties while defendant contends that the contract consisted of the April 21, 2020 Quote Confirmation plus a document denominated the First Amendment, dated April 23, 2020.  For the reasons stated in its May 8, 2024 Memorandum (Doc. # 53), the court, pursuant to Rule 56(g) of the Federal Rules of Civil Procedure, found it to be an undisputed material fact that the April 21, 2020 Quote Confirmation was the only Contract between the parties and granted summary judgment in favor of plaintiff and against defendant to the extent that the counterclaim asserts a claim under the First Amendment against the plaintiff.

The April 21, 2020 Quote Confirmation was signed by the parties to this lawsuit.  In contrast, while the First Amendment was signed by plaintiff, it was not signed by defendant in its own right, but as an agent of 2301 JFK Owner, L.P., a prior owner of the construction project.  It should be noted that the introductory paragraph of the First Amendment identifies the owner as "23rd Street Lot B Owner LLC," not as 2301 JFK Owner, L.P.  Nonetheless, whatever the proper name of the Owner may be, there was simply no mutual assent of plaintiff and defendant binding them to the First Amendment.

The defendant's pending motion first seeks to join the Owner under Rule 19 of the Federal Rules of Civil Procedure, which is entitled "Required Joinder of Parties." Rule 19(a)(1) provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The joinder of the Owner would not deprive this court of subject matter jurisdiction. Wausau is a citizen of Wisconsin and the Owner is a citizen of Pennsylvania. See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010).

Nonetheless, the court can grant complete relief to the present parties without the presence of the Owner. The gravamen of the action is a contract dispute between plaintiff

and defendant.  The Owner is not a signatory to this contract and has no rights or obligations under it.  Nor has defendant shown that the Owner claims an interest in the pending contract dispute such that the failure to join the Owner as a practical matter may impair or impede the owner's ability to protect any interest it may have or leave any existing party subject to a substantial risk of multiple or inconsistent obligations. Defendant has not established that Rule 19 requires the joinder of the Owner as a party.  <u>Gen. Refractories Co. v. First State Ins. Co.</u>, 500 F.3d 306, 312 (3d Cir. 2007).

In the alternative, defendant moves to join the Owner under Rule 20 which is entitled Permissive Joinder of Parties. Rule 20(a)(2) provides:

> (2) Defendants.  Persons--as well as a vessel, cargo, or other property subject to admiralty process in rem--may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

The present situation simply does not fit within the terms of Rule 20.  Plaintiff does not assert any right to relief jointly, severally, or in the alternative and there is no

question of law or fact common as to the defendant and the Owner.  Again, the Owner is not a party to the April 21, 2020 Quote Confirmation, and plaintiff seeks no relief that would implicate the Owner.

Finally, defendant seeks to amend its answer and counterclaim under Rule 15(a)(2) to join the Owner as a co-defendant.  The Rule provides "a party may amend its pleadings only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  The defendant has not shown that justice so requires such an amendment at this late stage.  Fact discovery has long ago concluded, and the action is scheduled for trial in August 2024.